UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

98 APR -6 PM 4:47

RICHARD T. MARTIN
CLERK

| | | |
|---|---|---|
| PEGGY SIMS A/K/A PEGGY SELDERS | * | CIVIL ACTION NL |
| VERSUS | * | NO. 98-316-B-M2 |
| WILFORD HALL MEDICAL CENTER, LACKLAND AIR FORCE BASE | * | SECTION " " |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   \*

### COMPLAINT FOR NEGLIENCE

#### JURISDICATIONAL STATEMENT

1.  This Court has jurisdiction over the subject matter the pursuant to 28 U.S.C. 2672 under the Federal Tort Claim Act.

#### PARTIES

2.  Peggy Sims A/K/A Peggy Selders (thereinafter) "Plaintiff" is a citizen of the State of Louisiana and resides at 3129 Duke Street, Baton Rouge, Louisiana 70805.

3.  Wilford Hall Medical Center (hereinafter) "Defendant" is a agency of the United States Department of Defense which is located at Lackland AFB, Texas  78236.

#### COUNT I

4.  On or about April 4, 1997, Plaintiff was legally entering the front entrance of Defendant Medical Center located

SW, Summons



at Lackland AFB, Texas 78236, when she slipped and fell in a puddle of water.

5. The area of the medical center where Plaintiff's injuries occurred was saturated with rain water and there were no warning or caution signs to alert invitees of the possible danger upon entering the premises.

6. Plaintiff sustained severe personal injuries as a direct and proximate result of Defendant's negligence maintenance of the premises, which included but was not limited to the following:

    (a) Wilford Medical Center knew or should have known that water on floor at the front entrance was greatly increasing risk to the health and safety of their invitees;

    (b) For having failed to maintain the premises by allowing the floor in to remain saturated with water and thereby causing injury;

    (c) For having failed to warn plaintiff of the existing dangerous condition of the premises.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which does not exceed the jurisdictional requirements of this Court, plus interests and costs.

## COUNT II

7. Paragraphs 1 through 6 are incorporated herein as it set forth again in full.

8. As a direct and proximate result of negligence of Defendant, as stated above, Plaintiff underwent extensive medical treatment.

9. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer great physical pain and mental anguish, and has incurred expenses in an attempt to cure and/or treat her injuries.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which does not exceed the jurisdictional requirements of this Court, plus interests and costs.

Plaintiff
by Her Attorneys,

*Terry L Bonnie*
Terry L. Bonnie, Esq.
Bar No. 22007
458 Louisiana Avenue
Baton Rouge, Louisiana  70802
(504) 383-2050

*Joycelyn D. Elmore*
Joycelyn D. Elmore
Bar No. 19558
1968 Dallas Drive, Ste. A
Baton Rouge, Louisiana  70806
(504) 927-5593